# PARKER IBRAHIM & BERG LLC

Writer's Direct Contact:
908.333.6214 (Tel.)
908.333.6230 (Fax)
melinda.cox@piblaw.com

www.piblaw.com

February 5, 2018

**VIA CM/ECF & FEDEX**
Hon. Leonard D. Wexler, Senior U.S.D.J.
United States District Court for the Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

  Re: **Joann Kolberger v. Select Portfolio Servicing, Inc.**
     **Case No. 17-cv-07084 (LDW/SIL)**

Dear Judge Wexler:

  This firm represents Defendant Select Portfolio Servicing, Inc. ("Defendant") in the above-referenced matter. We write pursuant to Your Honor's Individual Practice and Rules, Sec. 2.B., to respectfully request a pre-motion conference in anticipation of filing a motion to dismiss Plaintiff Joann Kolberger's ("Plaintiff") Complaint. The deadline to respond to Plaintiff's Complaint is February 5, 2018.

  Defendant seeks to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), due to failure to state a claim upon which relief may be granted. Plaintiff's sole claim pertains to an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). However, under recent, controlling Supreme Court precedent, it is respectfully submitted that the FDCPA does not apply to Defendant, as Defendant is not a debt collector as defined thereunder. *See* 15 USCA § 1692(a)(6); *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1719 (2017) (finding that defendant is not a "debt collector" under the FDCPA, explaining that "[t]he [FDCPA] authorizes private lawsuits and weighty fines designed to deter the wayward practices of 'debt collector[s],' a term embracing anyone who 'regularly collects or attempts to collect . . . .debts owed or due . . . another . . . A company may collect debts that it purchased for its own account, like [Defendant] did here, without triggering the statutory definition in dispute."); *Hill v. DLJ Mortg. Capital, Inc.*, No. 15-CV-3083(SJF)(AYS), 2016 WL 5818540 *7 (E.D.N.Y. Oct. 5, 2016), *aff'd* 689 Fed. Appx. 97, 98 (2d Cir. May 3, 2017) ("The majority of courts in this Circuit that have considered this issue have held that 'the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA.'").

  Furthermore, even assuming *arguendo* that the FDCPA does apply to Defendant, Plaintiff has failed to state a claim that would constitute a violation of the FDCPA, as Plaintiff alleges no

**New York Office**
5 Penn Plaza – 23rd Floor, Suite 2371 – New York, NY 10001 – 212.596.7037

**New Jersey Office**
270 Davidson Avenue – Somerset, NJ 08873 – 908.725.9700

BOSTON – CHICAGO – NEW JERSEY – NEW YORK – ORANGE COUNTY – PHILADELPHIA

3227370.2

## PARKER IBRAHIM & BERG LLC

February 5, 2018
Page **2** of **3**

harassing and intimidating conduct that would constitute a violation of the FDCPA. *See Mendez v. Apple Bank for Sav.*, 143 Misc 2d 915, 918 (Civ. Ct. 1989). Rather, Plaintiff alleges that Defendant failed to negotiate in good faith when the parties were working on a loan modification. However, such allegations do not support an FDCPA claim or a private cause of action, as there is no specific or automatic right to a loan modification. *BAC Home Loan Servicing, LP v. Krajeski*, No. 41587/09, 2014 NY Slip Op 33489(U), WL 8623443 *10 (Sup. Ct., Suffolk County 2014) ("[a] foreclosing plaintiff has no obligation to modify the terms of its loan before or after a default in payment.") (internal citations omitted)); *JPMorgan Chase Bank, Nat. Ass'n. v. Ilardo*, 36 Misc 3d 359, 378 (Sup. Ct., Suffolk County 2012) (holding that "claims of an entitlement to a permanent modification of their mortgage loan under the terms of their TPP and by reason of their due and timely fulfillment of their obligations to pay, during the three-month trial period, reduced monthly installments are without merit under federal law," or "state law theories.").

Next, to the extent Plaintiff takes issue with Defendant's commencement or prosecution of the underlying foreclosure action currently pending in New York Supreme Court, Nassau County, it is respectfully submitted that such allegations and claims are barred under the *Noerr-Pennington* doctrine, which affords a private litigant, who commenced a separate action against a party, immunity from a separate or subsequent lawsuit predicated on taking actions incident to that lawsuit, including settlement negotiations. Specifically, Plaintiff's allegations all pertain to loss mitigation activities relating to the loan that is the subject of the pending foreclosure action. *See* Complaint, ¶¶ 23-53. Such "settlement communications . . . related to good faith foreclosure litigation" are protected by the *Noerr-Pennington* doctrine. *See Singh v. NYCTL 2009-A Trust*, No. 14 Civ. 2558, 2016 WL 3962009, *4 (S.D.N.Y. July 20, 2016), *aff'd, Singh v. NYCTL 2009-A Trust*, 683 Fed. Appx. 76 (2d Cir. 2017), ("[E]ach of Singh's claims is predicated on . . . alleged misrepresentations in demand letters, default letters, and settlement communications. These claims are barred under the *Noerr-Pennington* doctrine.").

Similarly, judicial economy dictates that this matter, which is directly related to the underlying foreclosure action, be litigated in state court, where the foreclosure action was filed two years ago, and is nearing completion. *See, e.g., Comedy Partners v. St. Players Holding Corp.*, 34 F. Supp. 2d 194, 195–96 (S.D.N.Y. 1999) ("The first-filed doctrine is centrally concerned with judicial economy, protecting the [first movant's] choice of forum, and preventing duplicative litigation. . . . . By invoking the doctrine, a party thus seeks not only to avoid an inconvenient venue but to protect its choice of forum and avoid the considerable expense and potential for inconsistent adjudication that duplicative litigation would entail."). Indeed, FDCPA claims, as are asserted here, are routinely raised and resolved in state court foreclosure actions. *See, e.g., JPMorgan Chase Bank, Nat. Ass'n v. Mantle*, 134 A.D.3d 903, 905 (2d Dept. 2015).

**New York Office**
5 Penn Plaza – 23rd Floor, Suite 2371 – New York, NY 10001 – 212.596.7037

**New Jersey Office**
270 Davidson Avenue – Somerset, NJ 08873 – 908.725.9700

BOSTON – CHICAGO – NEW JERSEY – NEW YORK – ORANGE COUNTY – PHILADELPHIA

3227370.2

# PARKER IBRAHIM & BERG LLC

February 5, 2018
Page **3** of **3**

Finally, should this Court decline to dismiss the Complaint on the merits, it is respectfully submitted that the Court should abstain from exercising jurisdiction over this matter, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) and the *Younger* abstention doctrine, in order to avoid piecemeal litigation, as any claims and allegations stemming from enforcement or servicing of the subject loan should and could have been raised in the underlying foreclosure action. Further, any decision entered in this action may substantively impact and/or contradict or conflict with rulings entered in the underlying state court foreclosure action, which involves the same parties and which was commenced well-before Plaintiff's federal action. *See Colorado River Water Conservation Dist.*, 424 U.S. at 813; *Niagara Mohawk Power Corp. v. Hudson Riv.-Black Riv. Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

For the foregoing reasons, it is respectfully submitted that Defendant should be provided with an opportunity to file a pre-answer Motion to Dismiss and that the Complaint should be dismissed in its entirety and with prejudice.

Thank you for Your Honor's time and consideration with this matter. Please contact me should Your Honor have any questions or require additional information.

Respectfully submitted,

*/s/ Melinda Colón Cox*
Melinda Colón Cox

Enclosures

cc: All Counsel of Record (via CM/ECF)

**New York Office**
5 Penn Plaza – 23rd Floor, Suite 2371 – New York, NY 10001 – 212.596.7037

**New Jersey Office**
270 Davidson Avenue – Somerset, NJ 08873 – 908.725.9700

BOSTON – CHICAGO – NEW JERSEY – NEW YORK – ORANGE COUNTY – PHILADELPHIA

3227370.2